# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS JAMES SLOANE, individually and as Administrator of the Estate of COLT RIVER LEVI CLARK, formerly known as COLTON LEVI CLARK, deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE OKLAHOMA DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>Defendants, | Case No. CIV-19-318-RAW |

## ORDER

Plaintiff brought this action against the Oklahoma Department of Human Services ("DHS"), the former and current DHS Directors, Shadow Mountain Behavioral Health System, twenty-five named individuals, and three unnamed individuals.[1] Now before the court is DHS's motion to dismiss [Docket No. 8]. Plaintiff brought three claims against DHS: (1) violation of the due process clause in Article 2, § 7 of Oklahoma's Constitution; (2) negligence; and (3) intentional infliction of emotional distress. DHS moves for dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] On March 25, 2020, the court entered a show cause order for Plaintiff's failure to initiate service of process on defendants – with the exception of DHS – within the 90-day time limit of service as set out in Rule 4 of the Federal Rules of Civil Procedure. If Plaintiff fails to show cause in writing by April 8, 2020, the court will dismiss those defendants.

## *Standard of Review*

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)( "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

A motion pursuant to Rule 12(b)(1) takes one of two forms – a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack questions the sufficiency of the complaint, and in reviewing it, the court accepts the allegations in the complaint as true. *Id*. A factual attack goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id*. at 1003. In reviewing a factual attack, the court does not accept the allegations in the complaint as true and has wide discretion to consider evidence to resolve the disputed jurisdictional facts. *Id*. DHS has made a facial attack; thus, the court need only consider the allegations in the Amended Complaint in deciding the instant motion.

To survive the Rule 12(b)(6) motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*,

2

556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

> [T]he *Twombly / Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

### *Allegations in the Amended Complaint*[2]

Plaintiff was born on January 23, 1994. His brother Colt was born on May 24, 1996. Plaintiff and his brother Colt had a long history of being abused by their biological parents. DHS removed them from their parents' custody on October 21, 2003. On October 31, 2003, when Plaintiff and his brother were 9 and 7 years old, respectively, DHS placed them with their paternal uncle and his wife, Rex and Becky. Plaintiff alleges that DHS knew, or with reasonable investigation should have known, that Rex had a history of sexual and physical assault allegations against him and suffered from mental illness that was not well-managed, making him an unfit custodian.

---

[2] The court includes here a brief synopsis of Plaintiff's allegations, including dates relevant to DHS's motion. See the Amended Complaint [Docket No. 7] for the entirety of Plaintiff's allegations.

Eventually, the biological parents' rights were terminated. Rex and Becky adopted the boys in the fall of 2004 with DHS's consent. After the adoption, DHS received additional referrals indicating that the boys were at risk. DHS did not intervene. The boys suffered regular physical and verbal abuse. In March of 2006, Colt was beaten to death by Rex and Becky. Rex and Becky invented a cover story that Colt had run away and forced Plaintiff to rehearse and repeat it. On March 28, 2006, DHS received another referral indicating the boys were at risk. DHS did not open an investigation.

Under threat of further abuse and even death, on April 17, 2006, April 20, 2006, and many times thereafter, Plaintiff was forced to recite to DHS and law enforcement the rehearsed lie about Colt running away. In September of 2006, at the age of 12, Plaintiff ran away. He was eventually picked up on a burglary complaint. Rex and Becky consented to the termination of their parental rights to Plaintiff a few months later. Plaintiff was later adopted by a non-relative.

Rex and Becky were each tried and convicted on October 9, 2017 of felony child abuse and murder in the first degree. On October 16, 2017, Plaintiff filed a petition seeking a decree of death and appointment as personal representative of Colt's estate. The decree of death was entered on December 12, 2017.

On October 5, 2018, Plaintiff mailed his notice of claim pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 OKLA. STAT. § 156(C). The notice was received on October 9, 2018. Plaintiff filed this action in the District Court of Seminole County, Oklahoma on July 2, 2019.

*Timeliness*

DHS first argues that Plaintiff's claims against it are time barred. The GTCA requires any person having a claim against the state or a political subdivision to present the claim in

4

writing "within one (1) year of the date the loss occurs" or it "shall be *forever barred*." 51 OKLA. STAT. § 156 (emphasis added). As DHS argues, this limitation applies equally to claims brought by minors. *Johns By and Through Johns v. Wynnewood Sch. Bd. of. Educ.*, 656 P.2d 248 (Okla. 1982) (holding that the time limitations contained in 51 OKLA. STAT. § 156 control as to a cause of action accrued to a minor, notwithstanding the provisions of 12 OKLA. STAT. § 96).

Plaintiff argues that his claims were timely filed under the GTCA because of the discovery rule. The discovery rule "tolls the limitations period until a plaintiff learns of an injury and, through prudent investigation, can obtain sufficient facts to state a cause of action." *Woods v. Prestwich House, Inc.*, 247 P.3d 1183, 1186 (Okla. 2011). The discovery rule applies to cases brought against the state and its political subdivisions, but only when there is active concealment. *Watkins v. Central State Griffin Mem'l Hosp.*, 377 P.3d 124, 132 (Okla. 2016) (holding that for the discovery rule to overcome the GTCA's one-year limitation, there must be "false, fraudulent, or misleading conduct, or an affirmative act of concealment to exclude suspicion and preclude inquiry, to induce [the plaintiff] from timely bringing the action."). *But cf. Bentley v. Kirk*, 348 P.3d 1112, 1116 (Okla. Civ. App. 2015) (holding that a plaintiff need not show "active concealment" to toll the § 156(b) limitation period).

As DHS argues, Plaintiff has not made any allegation of concealment, fraud, or misrepresentation by DHS; thus, under Oklahoma Supreme Court precedent, the discovery rule does not apply. Furthermore, even if active concealment were not necessary to toll the limitation period, the discovery rule would not toll the limitation period in this case to the extent argued by Plaintiff. Plaintiff argues that he did not have access to his DHS records until he requested them on December 12, 2017, "after having learned the full extent of the trial testimony."

5

By Plaintiff's allegations, he was fully aware of the abuse he and his brother suffered in 2003 – 2006. He was also fully aware that his brother was murdered in 2006. Plaintiff could have requested his DHS records at any time. He certainly could have requested them as early as 2012 when he reached the age of maturity. The discovery rule tolls the limitations period until a plaintiff learns of an injury and, *through prudent investigation*, can obtain sufficient facts to state a cause of action. Through prudent investigation, Plaintiff could have obtained sufficient facts to state a claim at least as early as 2012 when he was 18 years old.

Plaintiff argues that the court must view the facts in the light most favorable to him, including that he did not have sufficient factual information to state a claim against DHS until after the conclusion of the criminal trial against Rex and Becky in 2017. While the court accepts as true Plaintiff's factual allegations and views them in the light most favorable him, it does not accept as true conclusory statements or legal conclusions. Plaintiff's allegation that he did not have sufficient factual information to state a claim until 2017 is conclusory. Plaintiff's allegations show that he had sufficient information about the abuse and that through prudent investigation, he could have obtained the DHS report long before 2017.

As DHS argues, Plaintiff's claims are time barred. Nevertheless, the court briefly discusses DHS's remaining arguments.

### *GTCA's Exemptions in §§ 155(4), (5), and (29)*

DHS also argues that it is exempt from liability under 51 OKLA. STAT. §§ 155(4), (5), and (29) for losses resulting from enforcement of or failure to adopt or enforce a statute or written policy, losses resulting from the performance of or failure to perform discretionary acts, and losses resulting from an act or omission of an employee in the placement of children. DHS is correct. Plaintiff's claims regarding his and Colt's placement with Rex and Becky fall under §

155(29). For the reasons stated in DHS's motion and reply, Plaintiff's remaining claims regarding DHS's failure to respond and investigate reports of child abuse fall under §§ 155(4) and (5).

### *GTCA's Section 153 Exemption*

As DHS argues, it is exempted from tort liability under 51 OKLA. STAT. § 153 for intentional infliction of emotional distress. "[C]ourts have consistently found that the conduct involved in claims of . . . intentional infliction of emotion distress fall outside the scope of an employee's employment, precluding respondeat superior liability on the part of a political subdivision under the GTCA." *Johnson v. Independent Sch. Dist. No. 3 of Okla. Cty.*, No. CIV-17-1058-M, 2018 WL 1732070, at *4 (W.D. Okla. April. 10, 2018)(citations omitted).

### *Oklahoma Constitutional Claims*

Additionally, as DHS argues, Plaintiff's claims under the Oklahoma Constitution are subject to the stricture and exemptions of the GTCA. The Oklahoma Supreme Court has pointed out that after its ruling in *Bosh v. Cherokee Cnty. Governmental Bldg. Auth.* 305 P.3d 994 (Okla. 2013), the State legislature responded by amending the GTCA to include immunity for violations of the Oklahoma Constitution. *Barrios v. Haskell Cnty. Pub. Facilities Auth., et al.*, 432 P.3d 233, 235-41 (Okla. 2018). Like in *Barrios*, because Plaintiff's "constitutional" torts are governed by the GTCA, the GTCA's specific prohibitions listed above bar the constitutional claims as well.

Accordingly, DHS's motion to dismiss [Docket No. 8] is hereby GRANTED.

**IT IS SO ORDERED** this 2nd day of April, 2020.

*Ronald A. White*
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**